UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DARRELL CONNERS,

    Petitioner,

vs.

RENEE BAKER, et al.,

    Respondents.

Case No. 3:15-cv-00372-RCJ-VPC

**ORDER**

    Petitioner has paid the filing fee. The court has reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The petition is untimely on its face. However, given the facts alleged in the petition, the court will appoint the Federal Public Defender to represent petitioner.

    The court borrows the procedural history from a criminal case in this court, <u>United States v. Conners</u>, Case No. 2:11-cr-00304-RCJ-PAL. The Federal Public Defender represented petition in that case. Petitioner was awaiting sentencing in state district court for attempting to carry a concealed weapon, a gross misdemeanor, Case No. C-11-273428-1, when he was taken from state custody to face federal criminal charges in <u>United States v. Conners</u>. This court entered a judgment of conviction on January 29, 2013. Petitioner then returned to state custody for three counts of robbery with a deadly weapon, Case No. C-11-278463-1. He agreed to plead guilty to one count of robbery with a deadly weapon. The state district court directed that the sentence run concurrently with this court's sentence. Judgment of conviction was entered on March 21, 2013. Petitioner did

not appeal. Petitioner is challenging his custody pursuant to the judgment of Case No. C-11-278463-1 in the current § 2254 habeas corpus petition.

Petitioner has remained in state custody. The Federal Bureau of Prisons has lodged a detainer with petitioner, but the bureau does not consider petitioner to be in their custody until petitioner has completed his state sentence. Effectively, petitioner will serve his federal sentence consecutively to his state sentence.

The petition is untimely under 28 U.S.C. § 2244(d)(1). The judgment of conviction became final on April 22, 2013, because petitioner did not appeal. See Gonzalez v. Thaler, 132 S. Ct. 641, 653-54 (2012). See also Nev. R. App. P. 4(b), 26(a). Petitioner knew how he was actually serving his sentences no later than January 8, 2014. That is when he, through counsel, filed in United States v. Conners a motion that this court construed as a motion pursuant to 28 U.S.C. § 2255. He asked for relief from the sentence as it is actually being served. A state habeas corpus petition, filed on March 3, 2015, does not toll the one-year period under 28 U.S.C. § 2244(d)(2) because it was untimely under Nev. Rev. Stat. § 34.726(1). Conners v. State, 2015 WL 5475431 (Nev. App. September 15, 2015). See also Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). No matter what date the court considers the one-year period to have started running, petitioner mailed his petition to this court more than a year later, on July 8, 2015.

However, the court of appeals recently noted that a person can apply to the Bureau of Prisons under 18 U.S.C. § 3621(b) for a nunc pro tunc determination that a person can serve his federal sentence in a state prison. The court of appeals also held:

> Although a district court has no jurisdiction over discretionary designation decisions, it does have jurisdiction to decide whether the Bureau of Prisons acted contrary to established federal law, violated the Constitution, or exceeded its statutory authority when it acted pursuant to 18 U.S.C. § 3621.

Rodriguez v. Copenhaver, No. 14-16399, slip op. at 8-9 (9th Cir. May 25, 2016).

Under these circumstances, counsel would be of assistance to petitioner. Counsel would be able to determine whether petitioner should pursue the current habeas corpus petition challenging the state custody, other avenues regarding his federal sentence, or both. Petitioner had filed a motion for

appointment of counsel (ECF No. 6), which the court denied because, at the time, the action was closed.  The court now vacates that denial and grants the motion.

Petitioner's motion for a status check (ECF No. 14) is mooted by this order.

IT IS THEREFORE ORDERED that the clerk of the court file the petition.

IT IS FURTHER ORDERED that the court's order of November 9, 2015 (ECF No. 7) is **VACATED** in part with respect to the denial of petitioner's motion for appointment of counsel (ECF No. 6).

IT IS FURTHER ORDERED that petitioner's motion for appointment of counsel (ECF No. 6) is **GRANTED**.  The Federal Public Defender is provisionally appointed to represent petitioner.

IT IS FURTHER ORDERED that the Federal Public Defender shall have thirty (30) days from the date that this order is entered to undertake direct representation of petitioner or to indicate to the court his inability to represent petitioner in these proceedings.  If the Federal Public Defender does undertake representation of petitioner, he shall then have sixty (60) days to file an amended petition for a writ of habeas corpus or other appropriate motion.  If the Federal Public Defender is unable to represent petitioner, then the court shall appoint alternate counsel.

IT IS FURTHER ORDERED that neither the foregoing deadline nor any extension thereof signifies or will signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period under 28 U.S.C. § 2244(d)(1) and timely asserting claims.

IT IS FURTHER ORDERED that the clerk shall add Adam Paul Laxalt, Attorney General for the State of Nevada, as counsel for respondents.

IT IS FURTHER ORDERED that the clerk shall electronically serve both the Attorney General of the State of Nevada and the Federal Public Defender a copy of the petition and a copy of this order.

IT IS FURTHER ORDERED that respondents' counsel shall enter a notice of appearance within twenty (20) days of entry of this order.

IT IS FURTHER ORDERED that any exhibits filed by the parties shall be filed with a separate index of exhibits identifying the exhibits by number or letter.  The CM/ECF attachments that

are filed further shall be identified by the number or numbers (or letter or letters) of the exhibits in the attachment.  The hard copy of any additional state court record exhibits shall be forwarded—for this case—to the staff attorneys in Las Vegas.

    IT IS FURTHER ORDERED that petitioner's motion for a status check (ECF No. 14) is **DENIED** as moot.

    DATED: This 7th day of June, 2016.

_____
ROBERT C. JONES