RESCH LAW, PLLC d/b/a Conviction Solutions
By: Jamie J. Resch
Nevada Bar Number 7154
2620 Regatta Dr., Suite 102
Las Vegas, Nevada, 89128
Telephone (702) 483-7360
Facsimile (800) 481-7113
Jresch@convictionsolutions.com
Attorney for Petitioner

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| DARRELL CONNERS, | Case No. 3:15-cv-00372-RCJ-VPC |
|---|---|
| Petitioner, | FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. §2254 BY A PERSON IN STATE CUSTODY (**NOT** SENTENCED TO DEATH) |
| vs. | |
| RENEE BAKER, et. al., | |
| Respondents, | |

1.    Name and location of court, and name of judge, that entered the judgment of conviction you are challenging: **Eighth Judicial District Court, Clark County, Nevada, Regional Justice Center, 200 Lewis Avenue. Las Vegas, NV 89155.  District Judge Michelle Leavitt.**

2.    Full date judgment of conviction was entered: **March 21, 2013.**

3.    Did you appeal the conviction?  ___Yes     _X_ No.   Date appeal decided: **N/A.**

4. Did you file a petition for post-conviction relief or petition for habeas corpus in the state court? _X_ Yes  ___ No.  If yes, name the court and date the petition was filed:  **Motion to withdraw plea was filed March 3, 2015 and construed by the state court to be a request for post-conviction relief.**

Did you appeal from the denial of the petition for post-conviction relief or petition for writ of habeas corpus? _X_ Yes  ___ No

Date the appeal was decided: **September 15, 2015.**

Have all of the grounds stated in this petition been presented to the state supreme court?  ___ Yes  _X_ No.  If no, which grounds have not? _____

5. Date you are mailing (or handing to correctional officer) this petition to this court: **Original petition mailed July 8, 2015.  Amendment filed as per filing date above.**

6. Is this the first federal petition for writ of habeas corpus challenging this conviction?  _X_ Yes  ___ No.   If no, what was the prior case number? **N/A.**

7. Do you have any petition, application, motion or appeal (or by any other means) now pending in any court regarding the conviction that you are challenging in this action? ___ Yes  _X_ No.  If yes, state the name of the court and the nature of the proceedings: **N/A**.

8. Case number of the judgment of conviction being challenged: _C278463_.

9. Length and terms of sentence(s): **Count 1: 5 to 15 years in state prison with a consecutive 5 to 15 year sentence for use of a deadly weapon.  Said sentence to**

Conviction Solutions
2620 Regatta Dr., Suite 102
Las Vegas, Nevada 89128

run concurrent to Defendant's federal time and concurrent with C273428 with 611 days credit for time served.

10. Start date and projected release date: **State judgment entered March 19, 2013. Sentence amounts to an aggregate 10 to 30 years with 611 days credit, therefore minimum parole eligibility is approximately July, 2021.**

11. What was (were) the offense(s) for which you were convicted: **Robbery with the use of a deadly weapon.**

12. What was your plea? _X_ Guilty ___ Not Guilty ___ Nolo Contendere. If you pleaded guilty or nolo contendere pursuant to a plea bargain, state the terms and conditions of the agreement: **"The State has agreed to retain the right to argue at sentencing. The State will not oppose dismissal of case numbers 11F12184X and 11F12188X after sentencing. Further the State will not oppose concurrent sentencing with case number C273428 and Defendant's Federal case. Defendant agrees to pay all restitution, including in those cases to be dismissed."**

13. Who was the attorney that represented you in the proceedings in state court? Identify whether the attorney was appointed, retained, or whether you represented yourself pro se (without counsel).

|  | Name of Attorney | Appointed | Retained | Pro se |
|---|---|---|---|---|
| arraignment and plea | Darin F. Imlay, Esq. | X | | |
| trial/guilty plea | Darin F. Imlay, Esq. | X | | |

| | | |
|---|---|---|
| sentencing | Darin F. Imlay, Esq. | X |
| direct appeal | N/A | |
| 1st post-conviction petition | | X |
| appeal from post conviction | | X |

# I.

## **PROCEDURAL HISTORY**

Darrell Conners' procedural history is critically important to the issues before this Court, as his concerns generally arise from his state attorneys' failure to understand the dynamics between state and federal prosecutions.

There are three cases relevant to this matter:  Two from state court and one from the District Court of Nevada.  The record here indicates that on March 29, 2011, Conners was charged in state court with Carrying a Concealed Firearm or Other Deadly Weapon.  Exhibit 1, p. 4.[1]  Conners was arraigned on that charge on March 30, 2011 and "remanded to the custody of the sheriff" at that time.  Id. The case was negotiated such that it could be treated as a felony or gross misdemeanor.  Exhibit 2.  A guilty plea agreement was filed May 23, 2011 which indicated that the State had no opposition to Conners being released from custody on his own recognizance after his plea was

---

[1] The Exhibits referenced in this Amended Petition are as listed in the separately filed Index of Exhibits in Support of Amended Petition.  Petitioner reserves the right to file supplemental exhibits as needed and relevant.

entered. Exhibit 3.

The record here indicates a Writ of Habeas Corpus ad Prosequendum was filed in the matter on September 30, 2011. Exhibit 4. On December 7, 2011, a judgment of conviction was entered and Conners was adjudicated guilty of a gross misdemeanor offense and sentenced to 12 months in the Clark County Detention Center with 140 days credit. Exhibit 7.

Meanwhile, Conners faced much more serious charges. On July 12, 2011, a criminal complaint was filed that charged Conners with Burglary While in Possession of a Firearm, and Robbery with use of a Deadly Weapon. Exhibit 8, p. 4. Conners was arraigned on those charges (which would lead to the conviction under attack in this action) on July 13, 2011, and "remanded to the custody of the sheriff" at that time. Id.

An Information was filed on December 29, 2011 in C278463 (again the conviction under attack here). Exhibit 9.

While that state court case was underway, Conners faced yet another prosecution. In federal court in a case styled 2:11-cr-304, an Indictment was filed on August 16, 2011 that charged Conners with numerous serious felonies related to a series of armed robberies. Exhibit 23. A Writ ad Prosequendum was filed in that federal case on August 16, 2011 which was directed to the Warden of the Clark County Detention Center. Exhibit 24.

The problem here springs from the adjudications in the federal case and C278463.  The record reveals that Conners was represented by William Carrico, AFPD, in the federal case, and that Conners was sentenced on January 7, 2013.  Exhibit 25, p. 2. A Judgment was entered in the federal case against Conners on January 28, 2013.  Exhibit 25, p. 7.  As reflected therein, Conners had previously pled guilty in the federal case, and was ultimately sentenced to 191 months in the custody of the United States Bureau of Prisons.  Exhibit 25, pp. 7-8. That Judgment was further silent as to any treatment to be given between it and the still-ongoing state court robbery case.

The procedural history reveals an anomaly that likely led to the error at issue here.  While the federal judgment was entered on January 28, 2013, Conners never actually made it into BOP custody.  On January 17, 2013, the minutes from C278463 reflect that Conner was present in state court for a status hearing.  Exhibit 13.  According to said minutes, "At the request of the parties, COURT ORDERED, matter CONTINUED for negotiations; Deft REMANDED into CUSTODY at the Clark County Detention Center and is to remain in custody, pending the next scheduled hearing in this case."  The matter was set for another status check on February 5, 2013.

A written guilty plea agreement was filed in C278463 on February 5, 2013.  Exhibit 14.  As previously noted herein, the agreement was that the State would "not oppose" concurrent sentencing with either the gross misdemeanor case or Conners' federal case. Exhibit 14, p. 1.

This understanding was further confirmed during the plea canvass.  During the canvass, the negotiations were recorded and again it was noted that the State "will not oppose concurrent time between this case and Case Number C273428, as well as his federal case."  Exhibit 15, p. 2.  Conners expressly noted that he was not worried about the plea being entered; but that he was worried about where he was going to serve his sentence.  Exhibit 15, p. 5.

After Conners entered his plea, the issue of his custody status was discussed.  Defense counsel stated that Conners' request was to return to federal custody and "come back for the sentencing date."  The Court responded:

> I understand you want to go back to federal custody, but it will probably take me six to nine months to get you back to sentence you.  So I'm going to hold you here until I sentence you, and then we'll turn you back over to the feds.

Exhibit 15, p. 9.

Sentencing was held in C278463 on March 12, 2013.  Exhibit 16.  At the time, defense counsel noted Conners had "already been sentenced by the federal government," and that "They're probably going to come and take him as soon as he's done being sentenced for now."  Exhibit 16, p. 6.  Counsel reiterated that the negotiation was for concurrent time with the federal case.  Exhibit 16, p. 7.  The judge pronounced the sentence, which included the same being run concurrent to the federal sentence.  Exhibit 16, p. 8.

7

Against this backdrop, the issue is easy enough to understand: Conners was transferred to the Nevada Department of Corrections. While there, he likely was waiting for the federal government to take custody of him, just as his lawyer had stated at the sentencing. However, that never happened. When Conners realized there was an issue, he first contacted Mr. Carrico.

With assistance from Mr. Carrico (who has since retired), on January 8, 2014, Conners filed a "Motion for Nunc Pro Tunc Modification of the Judgment and Conviction and Sentence and Request for Recommendation that Sentence be Served at the Nevada High Desert State Prison." Exhibit 25. While curiously titled, the motion had the right idea for the easiest resolution of the matter: If the federal District Court were to recommend the federal sentence be served concurrently with the state sentence, the BOP would be authorized to designate the state prison as the place of incarceration for the federal sentence. Net effect of such a designation would be to give life to the state court's declaration that the sentences run concurrently. However, on May 28, 2014, this Court denied the motion, and went so far as to declare a preference that the sentences in fact be served consecutively. Exhibit 27, p. 3.

The federal case contains one more item of note relevant to this issue. On April 6, 2015, Conners wrote this Court a letter explaining that any failure to timely act to resolve this issue was due to Mr. Carrico's ineffectiveness. Exhibit 28, p. 2. That letter included a copy of a letter from Conners to Mr. Carrico, which attempted to raise with

Mr. Carrico the fact that his supposed 191 month sentence had, via the State's custody of him and the federal authorities lodging of a detainer, practically doubled into a potential 300 month sentence.  Exhibit 28, pp. 3-4.  <u>See also</u> ECF #15, Order dated June 7, 2016 (explaining detainer lodged by BOP and "Effectively, petitioner will serve his federal sentence consecutively to his state sentence").  In sum total, this Court's stated preference that the federal sentence run consecutively to the state court sentence is fatal to resolving this issue within the federal criminal case and/or informally with the BOP.

That being the case, Conners also attempted to resolve his situation within the confines of the state court system.  As noted, on March 3, 2015, he filed a motion to withdraw his plea which the state court construed as a post-conviction petition.  Exhibit 18.  The State opposed that request in an opposition filed March 19, 2015.  Exhibit 19.  Primary to that opposition was the claim that the motion was untimely and procedurally barred.  Exhibit 19, p. 3.  The state court so held, and further found that Conners had not shown good cause to excuse the untimely filing which was alleged to have been the result of inadequate law library and legal assistance within the state prison system.  Exhibit 20, p. 4.

Conners appealed the state court's decision to the Nevada Supreme Court.  In an order dated June 12, 2015, the Nevada Supreme Court noted that Conners had requested permission to file an opening brief.  Citing Nevada Rule of Appellate

Procedure 46, the Nevada Supreme Court denied the request. Exhibit 21. On September 15, 2015, the Nevada Supreme Court issued an order denying relief. Exhibit 22. Therein, the court held 1) that the claims relating to ineffective assistance of counsel were procedurally barred and that good cause to overcome the bar had not been shown, and 2) that claims relating to the actual fact of the state sentence running consecutive to the federal sentence could not be combined in the state proceeding and needed to be raised in a separate writ "challenging the computation of time served in the county in which he is incarcerated." Exhibit 22, pp. 2-3.

As noted, Conners initiated this federal §2254 action on July 8, 2015. While state court proceedings were ongoing at that time, they were resolved via the Nevada Supreme Court's September 15, 2015 order.

## II.

## STATEMENT OF EXHAUSTION

Ground One was raised in Conners' state court motion to withdraw plea, which the state court construed to be a post-conviction petition. The denial of that motion was appealed to, and ruled on by, the Nevada Supreme Court. Therefore, Ground One is exhausted.

Ground Two was also raised in the state court motion to withdraw plea and presented to the Nevada Supreme Court, which chose not to directly rule on the same. Because the Nevada Supreme Court had the opportunity to decide Ground Two, it is

exhausted.

Ground Three is not exhausted but Conners anticipates further state court proceedings in which to exhaust this claim.

### III.

### GROUNDS FOR RELIEF

### GROUND ONE

**PETITIONER WAS DENIED HIS RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL UNDER THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION BECAUSE HE WAS INDUCED TO PLEAD GUILTY BASED ON INCORRECT ADVICE BY HIS ATTORNEYS.**

In his state court proceedings, Conners was required by the United States Constitution to be provided effective assistance of counsel. This did not occur where his state court attorneys induced Conners to plead guilty to the state court charges as part of a plea bargain where the state court charges were ostensibly to be run "concurrent" to the previously imposed federal sentence.

This advice was fatally flawed from inception. As the detailed history provided herein shows, the State was the first entity to charge Conners. That being the case, the State had primary jurisdiction over Conners and any sentence imposed was, generally speaking, going to have to be served prior to his federal sentence beginning. This was particularly true here where, at the time, the original federal sentence was silent as to whether it would run concurrently or consecutively to the not-yet-imposed state sentence. In the federal system, that silence meant "consecutive," a fact ultimately

borne out by this Court's subsequent express declaration.

Point is, there was no scenario under which the state sentence was going to be treated as concurrent by the federal system at the time it was imposed. The fact Conners was advised the state sentence was to run concurrently is not in dispute. That advice was wrong and thus the lawyers who gave it were ineffective.

Conners has unabashedly suffered prejudice as a result. This Court has already noted the fact, "Effectively, petitioner will serve his federal sentence consecutively to his state sentence." ECF #15, p. 2. Mathematically, that means Conners will serve an additional 10 to 30 years in prison that he never bargained for – a fact which meets the definition of prejudice. Conners' conviction should be overturned based on ineffective assistance of counsel; a result which has been reached in at least one similar case. Finch v. Vaughn, 67 F.3d 909 (11th Cir. 1995).

## GROUND TWO

**PETITIONER WAS DENIED HIS RIGHT TO A FAIR TRIAL, DUE PROCESS OF LAW, AND FREEDOM FROM CRUEL AND UNUSUAL PUNISHMENT UNDER THE FIFTH, SIXTH, EIGHTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION WHEN THE STATE COURTS MISCOMPUTED AND CONTINUE TO MISCOMPUTE HIS TIME TO BE SERVED PURSUANT TO HIS JUDGMENT OF CONVICTION.**

The failure of a prison system to correctly apply credits towards an inmate's sentence can violate this interest, and give rise to various claims of Equal Protection, Due Process, and/or Eighth Amendment violations. Alexander v. Perrill, 916 F.2d 1392 (9th Cir. 1990), Plumb v. Prinslow, 847 F.Supp. 1509 (D. Or. 1994).

Here, Conners' state court sentence is not being computed properly because the judgment of conviction expressly says it is to be concurrent to his federal sentence, yet the State of Nevada's treatment of his sentence plainly renders the same consecutive to the federal sentence. The State of Nevada has been notified of this error and refuses to fix it. As a result, the writ should be granted and Conners' convictions and sentences should be vacated.

**GROUND THREE**

**PETITIONER WAS DENIED HIS RIGHT TO A FAIR TRIAL, LIBERTY INTEREST IN A FAIR AND ACCURATE SENTENCE, AND DUE PROCESS OF LAW, UNDER THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION WHEN THE STATE COURT IMPOSED AN ILLEGAL SENTENCE.**

Conners had the Due Process right to a fair sentencing procedure which included the right to be sentenced based on accurate information. United States v. Tucker, 404 U.S. 443 (1972). That right was violated here when the state trial court imposed an illegal sentence. The sentence was illegal because it was 1) based on inaccurate information about Connners and/or his criminal record, and 2) factually impossible to carry out at the time it was imposed.

It is plain from the sentencing transcript and ultimate judgment imposed that the state trial judge fully believed she was imposing a sentence that would be concurrent to Conners' federal sentence. The transcript suggests the state court and attorneys believed Conners would be returned to federal custody after the state court sentencing.

13

Exhibit 16, p. 9.  As discussed earlier herein, and as ultimately borne out by the fact the federal BOP will not take custody of Conners until his state sentence is complete, all of those beliefs were flat out wrong.

Because the state court was operating under inaccurate information concerning Conners' record (i.e. that the state court believed it had the authority to impose a sentence concurrent to the federal sentence) and because the state court in fact imposed a sentence which was impossible to carry out, Conners' Constitutional rights as set forth herein have been violated.  The writ should be granted and Conners' convictions and sentences should be vacated.

## IV.

## PRAYER FOR RELIEF

Accordingly, Petitioner respectfully requests that this Court:

1. Issue a writ of habeas corpus to have Conners brought before the Court so that he may be discharged from his unconstitutional confinement;

2. Conduct an evidentiary hearing which proof may be offered concerning the allegations in this amended petition and any defenses that may be raised by Respondents, and;

3. Grant such other and further relief as, in the interests of justice, may be appropriate.

DATED this 24th day of March, 2017.

Submitted By:

/s/   Jamie J. Resch
RESCH LAW, PLLC d/b/a Conviction Solutions
JAMIE J. RESCH
Attorney for Petitioner

**VERIFICATION**

Counsel has sent Petitioner a Verification and Acknowledgement of the Amended Petition for Petitioner's signature and will file that pleading with this Court upon receipt from Petitioner.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee of Conviction Solutions and is a person of such age and discretion as to be competent to serve papers. That on March 24, 2017, she served a true and correct copy of the foregoing to the United States District Court, who will e-serve the following addressee:

Shane Chesney, Esq.
Office of the Attorney General
100 N. Carson Street
Carson City, NV  89701

/s/  Claire Moritsugu
An Employee of
RESCH LAW, PLLC d/b/a Conviction Solutions