# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DARRELL CONNERS,

    Petitioner,

v.

RENEE BAKER, et al.,

    Respondents.

Case No. 3:15-cv-00372-RCJ-CBC

**ORDER**

Before the court are respondents' motion to dismiss (ECF No. 41) and petitioner's opposition (ECF No. 42). Also before the court are petitioners' motion to stay (ECF No. 43) and respondents' opposition (ECF No. 46). The motion to stay is moot. The court finds that petitioner has not exhausted one of his grounds for relief, and the court grants the motion to dismiss in part.

Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).

Respondents argue that ground 2 is not exhausted. Ground 2 is a claim that petitioner's

1

sentence is being computed incorrectly.  In a post-conviction motion to withdraw his guilty plea, which the state courts construed as a post-conviction habeas corpus petition under Harris v. State, 329 P.3d 619 (Nev. 2014), petitioner claimed that counsel provided ineffective assistance by not informing him correctly about the consequences of his plea.  ECF No. 35, at 125.  A claim of ineffective assistance of counsel is distinct from the underlying claim, and it does not exhaust the underlying claim.  See Kimmelman v. Morrison, 477 U.S. 365 (1986).

Petitioner's subsequent efforts in state court also have not exhausted ground 2.  The Nevada Court of Appeals determined that his motion to withdraw the plea, construed as a petition for a writ of habeas corpus was untimely under Nev. Rev. Stat. § 34.726(1).  ECF No. 35, at 163.  Regarding the sentence-computation claim, that court noted:

> Next, Conners claimed he recently learned he is not serving his state sentence concurrently with his federal sentence despite the order of the district court.  This claim challenged the computation of time served and cannot be raised in a post-conviction petition for a writ of habeas corpus challenging the validity of the judgment of conviction.  See NRS 34.738(3).  However, the denial of this claim would be with prejudice, allowing Conners to properly and separately file a post-conviction petition for a writ of habeas corpus challenging the computation of time served in the county in which he is incarcerated.

ECF No. 35, at 163-64.  Instead of filing a petition for a writ of habeas corpus on the correct form, petitioner filed a document titled "Motion for Computation of Time."  ECF No. 44, at 130.  The state district court denied the motion.  Petitioner appealed.  The Nevada Supreme Court dismissed the appeal because it has no jurisdiction to hear an appeal from a denial of such a motion.  Conners v. State, No. 74883 (Nev. March 6, 2018).[1]  By not following the advice of the Nevada Court of Appeals, petitioner presented the issue to the Nevada Supreme Court in a procedural context in which it could not reach the merits of the claim.  Ground 2 is not exhausted.  Castille v. Peoples, 489 U.S. 346, 351 (1989); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994).

Respondents also argue that ground 3 is not exhausted.  Ground 3 is a claim that petitioner's sentence is illegal.  Petitioner admitted that ground 3 was not exhausted when he filed the first amended petition.  Petitioner has pursued a motion to correct an illegal sentence in the

---

[1] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=45119 (last visited September 6, 2018).

state courts. On February 26, 2018, the Nevada Supreme Court affirmed the denial of the motion. ECF No. 48, at 5. Ground 3 now is exhausted.

The first amended petition (ECF No. 34) is mixed, containing both claims exhausted in state court and claims not exhausted in state court, and it is subject to dismissal. See Rose v. Lundy, 455 U.S. 509, 521-22 (1982); Szeto v. Rushen, 709 F.2d 1340, 1341 (9th Cir. 1983).

Petitioner's motion to stay (ECF No. 42) asks the court to stay the action while his state-court proceedings are pending. The motion is moot because those proceedings have concluded.

Respondents also argue that ground 1 is premature and not addressable. The court disagrees with both arguments.

IT THEREFORE IS ORDERED that respondents' motion to dismiss (ECF No. 41) is **GRANTED** in part. Ground 2 is unexhausted.

IT FURTHER IS ORDERED that petitioner shall have thirty (30) days from the date of entry of this order to file a motion for dismissal without prejudice of the entire petition, for dismissal of ground 2, or for other appropriate relief. Within ten (10) days of filing such motion, petitioner must file a signed declaration under penalty of perjury pursuant to 28 U.S.C. § 1746 that he has conferred with his counsel in this matter regarding his options, that he has read the motion, and that he has authorized that the relief sought therein be requested. Failure to comply with this order will result in the dismissal of this action.

IT FURTHER IS ORDERED that petitioner's motion to stay (ECF No. 43) is **DENIED** as moot.

DATED: September 24, 2018.

_____
ROBERT C. JONES
United States District Judge