UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DARRELL CONNERS, | Case No. 3:15-cv-00372-RCJ-CLB |
| Petitioner, | **ORDER** |
| v. | |
| RENEE BAKER, et al., | |
| Respondents. | |

**I.      Introduction**

This is a habeas corpus action under 28 U.S.C. § 2254.  Currently before the court are the first amended petition (ECF No. 34), respondents' motion to dismiss (ECF No. 65), petitioner's opposition (ECF No. 68), and respondents' reply (ECF No. 71).  The court finds that this action is untimely and that petitioner has not demonstrated that equitable tolling is warranted.  The court thus grants respondents' motion and dismisses this action.

**II.     Procedural History**

On April 19, 2011, petitioner attempted to rob the Spring Valley Pharmacy in Las Vegas, Nevada.  He fired a gun in the attempt.  That same day, petitioner robbed the Pharmacia del Pueblo in North Las Vegas, Nevada.  United States v. Conners, Case No. 2:11-cr-00304-RCJ-PAL, ECF No. 33 at 1-3.

1

1          Between June 20, 2011, and July 3, 2011, petitioner committed a series of robberies.
2   Police arrested petitioner on July 3, 2011, after he had committed the last robbery. ECF No. 35 at
3   57.[1]
4          On July 12, 2011, the State of Nevada filed a criminal complaint in the Las Vegas Justice
5   Court, charging petitioner with one count of burglary while in possession of a firearm and one
6   count of robbery with the use of a deadly weapon, for the robbery committed on June 20, 2011.
7   ECF No. 35 at 54.
8          On August 16, 2011, this court issued a writ of habeas corpus ad prosequendum,
9   "borrowing" petitioner from state custody to face federal criminal charges in United States v.
10  Conners, Case No. 2:11-cr-00304-RCJ-PAL. ECF No. 35 at 175. On September 7, 2012,
11  petitioner pleaded guilty to two counts of interference with commerce by armed robbery ("Hobbs
12  Act robbery"), in violation of 18 U.S.C. § 1951, and one count of use of a firearm during and in
13  relation to a crime of violence, in violation of 18 U.S.C. § 924(c), for the attempted robbery and
14  the robbery committed on April 19, 2011. United States v. Conners, Case No. 2:11-cr-00304-
15  RCJ-PAL, ECF No. 62. This court sentenced petitioner on January 11, 2013. Id., ECF No. 72.
16  After the sentencing hearing, petitioner returned to state custody. This court entered its judgment
17  of conviction on January 29, 2013. Id., ECF No. 73. The sentence for each count of the Hobbs
18  Act robbery is 71 months, and those two sentences run concurrently. The sentence for the count
19  of using a firearm during a crime is 120 months, served consecutively to the sentences for Hobbs
20  Act robbery. Id.
21         On February 5, 2013, in the Clark County District Court, Case No. C-11-278463-1,
22  petitioner pleaded guilty to one count of robbery with the use of a deadly weapon. ECF No. 91.
23  On March 12, 2013, the state district court sentenced petitioner. During the hearing, petitioner's
24  counsel stated, "He's going to be doing substantial time in the federal system. They're probably
25  going to come and take him as soon as he's done being sentenced for now." ECF No. 35 at 116.
26  The judge stated that the sentence should be served concurrently with the federal sentence. ECF

---

[1] The court reminds counsel for petitioner that he must not file all exhibits as part of the base document in CM/ECF. He must attach each exhibit to the base document as a separate file. LR IC 2-2(a)(3)(A). Counsel did not follow this rule for any of the sets of exhibits that he filed.

2

1  No. 35 at 118.  On March 21, 2013, the state district court entered its judgment of conviction,

2  again stating the sentence should be served concurrently with the federal sentence.  ECF No. 35 at

3  121.  Petitioner did not appeal.

4        The Bureau of Prisons did not collect petitioner from state custody.  Instead, the bureau

5  lodged a detainer with the Nevada Department of Corrections.  Petitioner will not start serving his

6  federal sentence until he is released from state imprisonment.  See Taylor v. Reno, 164 F.3d 440

7  (9th Cir. 1998); see also 18 U.S.C. § 3585.  Accord, Del Guzzi v. United States, 980 F.2d 1269

8  (9th Cir. 1992).

9        On January 8, 2014, petitioner filed in this court a motion for nunc pro tunc modification

10  of the judgment and conviction and sentence and request for recommendation that sentence be

11  served at the Nevada High Desert State Prison.  United States v. Conners, Case No. 2:11-cr-

12  00304-RCJ-PAL, ECF No. 73.  On May 28, 2014, this court construed the motion as a motion

13  attacking petitioner's sentence under 28 U.S.C. § 2255, and the court denied the motion.  Among

14  other reasons for denying the motion, the court stated that it would have explicitly imposed the

15  federal sentence to run consecutive to the state sentence.  Id., ECF No. 76.

16        On March 3, 2015, petitioner filed a motion to withdraw his plea in the state district court.

17  ECF No. 35 at 124.  The state district court construed the motion as a post-conviction habeas

18  corpus petition under Harris v. State, 329 P.3d 619 (Nev. 2014).  So construed, the state district

19  court dismissed the petition as untimely under Nev. Rev. Stat. § 34.726(1).  ECF No. 35 at 147.

20  Petitioner appealed, and the Nevada Court of Appeals affirmed.  ECF No. 35 at 162.

21        On July 8, 2015, petitioner mailed or handed to a correctional officer his initial, proper

22  person habeas corpus petition under 28 U.S.C. § 2254.  ECF No. 17.  The court provisionally

23  appointed the Federal Public Defender.  ECF No. 15.  The court noted that the action was

24  untimely under 28 U.S.C. § 2244(d)(1), but that it was appointing counsel because of the nature

25  of this case.  Id.  The Federal Public Defender asked to withdraw because of a conflict of interest

26  with their representation of petitioner in the federal criminal case.  ECF No. 25.  The court then

27  appointed current counsel, Jamie Resch, to represent petitioner.  ECF No. 32.  Petitioner filed a

28  counseled amended petition.  ECF No. 34.  The court directed respondents to file a response.

ECF No. 37.  The court also instructed respondents to raise all potential affirmative defenses in the initial responsive pleading.  Id.

Respondents filed a motion to dismiss.  ECF No. 41.  They argued that grounds 2 and 3 were not exhausted in the state courts.  Id.  They also argued that ground 1 was procedurally defaulted.  Id.  The court determined that ground 3 was exhausted because the state courts had ruled on the claim after respondents had filed their motion to dismiss.  ECF No. 51.  The court determined that ground 2 was not exhausted.  Id.  The court did not address the argument that ground 1 was procedurally defaulted.

Upon petitioner's motion, the court stayed this action to let petitioner exhaust ground 2 in the state courts.  ECF No. 56.  After petitioner completed his state-court litigation, the court reopened the action.  ECF No. 61.  Respondents filed a new motion to dismiss.  ECF No. 65.  Respondents argued for the first time that the action was untimely.  Id.  Respondents also renewed their argument that ground 1 is procedurally defaulted.  Id.

**III.    Discussion**

**A.    Respondents have not waived the defense of timeliness**

Petitioner argues that respondents have waived the defense of timeliness because the court's scheduling order instructed respondents that a motion to dismiss would be respondents' only opportunity to raise procedural defenses.  In that order, the court stated:

> Respondents shall raise all potential affirmative defenses in the initial responsive pleading, including lack of exhaustion and procedural default.  Successive motions to dismiss will not be entertained.

ECF No. 19, at 2.  It was the court's intent that respondents raise all available procedural defenses at one time.  In prior cases, years could pass while counsel for respondents would raise one procedural defense after another in serial motions to dismiss.  The court's order was meant to stop that practice.  However, the court did not state in its order that a motion to dismiss is the only opportunity for respondents to raise all available procedural defenses.  The court has since clarified this point in scheduling orders in later-filed cases.  Nonetheless, in this case the lack of a limitation defense in a motion to dismiss is not a waiver of the defense if raised in the answer.  Absent an order by the court to the contrary, circuit authority is clear that respondents do not

waive a procedural defense unless they do not raise it in their answer. Randle v. Crawford, 604 F.3d 1047, 1052-53 (9th Cir. 2010); Morrison v. Mahoney, 399 F.3d 1042, 1046-47 (9th Cir. 2005).

### B. The court will address timeliness in the motion to dismiss

The court could reject respondents' timeliness argument in the motion to dismiss and require them to raise in their answer. However, that would be an unnecessary duplication of effort because the parties have fully briefed the issue. Instead, the court will address the issue now.

### C. Legal standard for timeliness

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If the judgment is not appealed, then it becomes final thirty days after entry, when the time to appeal to the Nevada Supreme Court has expired. See Gonzalez v. Thaler, 565 U.S. 134, 150 (2012). See also Nev. R. App. P. 4(b), 26(a).

Any time spent pursuing a properly filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur. Jefferson v. Budge, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005). However, an untimely state post-conviction petition is not "properly filed" and does not toll the period of limitation. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). A prior federal habeas

1  corpus petition does not toll the period of limitation.  Duncan v. Walker, 533 U.S. 167, 181-82
2  (2001).
3        Section 2244(d) is subject to equitable tolling.  Holland v. Florida, 560 U.S. 631, 645
4  (2010).  "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been
5  pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and
6  prevented timely filing."  Id. at 649 (quoting Pace, 544 U.S. at 418).  Equitable tolling does not
7  stop the limitations clock the way that statutory tolling does.  "First, for a litigant to demonstrate
8  'he has been pursuing his rights diligently,' Holland, 560 U.S. at 649 [. . .], and thus satisfies the
9  first element required for equitable tolling, he must show that he has been reasonably diligent in
10  pursuing his rights not only while an impediment to filing caused by an extraordinary
11  circumstance existed, but before and after as well, up to the time of filing his claim in federal
12  court."  Smith v. Davis, 953 F.3d 582, 598-99 (9th Cir.) (en banc), cert. denied, 2020 WL
13  6829092 (2020).  "[I]t is not enough for a petitioner seeking an exercise of equitable tolling to
14  attempt diligently to remedy his extraordinary circumstances; when free from the extraordinary
15  circumstance, he must also be diligent in actively pursuing his rights."  Id. at 599.  "Second, and
16  relatedly, it is only when an extraordinary circumstance prevented a petitioner acting with
17  reasonable diligence from making a timely filing that equitable tolling may be the proper
18  remedy."  Id.
19        The petitioner effectively files a federal petition when he delivers it to prison officials to
20  be forwarded to the clerk of the court.  Rule 3(d), Rules Governing Section 2254 Cases in the
21  United States District Courts.
22      **D.**    **The action is untimely**
23        Petitioner's state judgment of conviction was entered on March 21, 2013.  He did not
24  appeal.  The time to appeal would have expired on April 20, 2013, but that was a Saturday.  The
25  time to appeal thus expired, and the judgment of conviction became final, at the end of April 22,
26  2013.  If the finality of the judgment of conviction started the one-year period to run, then the
27  one-year period expired at the end of April 22, 2014.  Petitioner effectively filed his federal
28  petition on July 8, 2015, more than a year late.

6

The relationship between petitioner's state and federal sentences is the factual predicate of petitioner's claims. In the order provisionally appointing counsel, the court noted the possibility that petitioner might have realized how he was serving his sentences only after his judgment of conviction became final. ECF No. 15 at 2. The period of limitations then might not have started to run until petitioner could have learned about his sentence structure with due diligence. See 28 U.S.C. § 2244(d)(1)(D). The court also noted that petitioner must have known about his sentence structure no later than January 8, 2014, because he filed his counseled motion for nunc pro tunc modification of the judgment in United States v. Conners that day. ECF No. 15 at 2. If the date of filing of the motion started the one-year period, then that period started running on January 9, 2014, and expired at the end of January 8, 2014. Petitioner effectively filed his federal petition on July 8, 2015, six months late.

Petitioner's January 8, 2014 federal motion for nunc pro tunc modification of the judgment, which this court construed as a motion under 28 U.S.C. § 2255, did not toll the one-year period under 28 U.S.C. § 2244(d)(2). First, it was not a collateral attack on the state judgment of conviction at issue, and thus § 2244(d)(2) was inapplicable. Second, it was a federal petition, and federal petitions are ineligible for tolling under § 2244(d)(2). Duncan v. Walker, 533 U.S. at 181-82.

Petitioner's motion to withdraw his plea, filed in the state district court on March 3, 2015, and construed as a post-conviction habeas corpus petition, also did not toll the one-year period under § 2244(d)(2). First, the one-year period of § 2244(d)(1) had expired at the end of January 9, 2015. No time remained to be tolled, and a state post-conviction habeas corpus petition cannot revive an already expired federal period of limitation. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003). Second, the state post-conviction habeas corpus petition was untimely under Nev. Rev. Stat. § 34.726(1), and thus it was ineligible for tolling under § 2244(d)(2). Pace, 544 U.S. at 417.

The court is not entirely certain which triggering date of 28 U.S.C. § 2244(d)(1) to use. Although the court noted the last possible date that petitioner could have learned how he was serving his sentences was January 8, 2014, he must have learned that fact earlier. For one thing,

1  petitioner would have needed to communicate with his federal trial counsel, and counsel would
2  have needed some time to prepare the motion. It is possible that petitioner learned, or could have
3  learned with due diligence, how he was serving his sentences before his state judgment of
4  conviction became final. At the sentencing hearing, trial counsel predicted that federal officials
5  would collect petitioner as soon as he was done with his sentencing. ECF No. 35 at 116. When
6  petitioner went from the Clark County Detention Center to a facility of the Nevada Department of
7  Corrections, and not to a facility of the Bureau of Prisons, he knew or should have known that
8  something was amiss. To be duly diligent he should have asked why he was in what he thought
9  was the wrong prison, and he would have learned.

10  Petitioner bases his argument for equitable tolling upon the court's statement that the one-
11  year period started no later than July 8, 2014. Lacking any better information, the court will
12  assume that the one-year period started the next day. Nonetheless, equitable tolling is necessary
13  for the court to rule that the action is timely.

14  **E.    Equitable tolling is not warranted**

15  Petitioner's argument for equitable tolling has multiple steps. First, he argues that his trial
16  counsel in United States v. Conners, who filed the motion for nunc pro tunc modification of the
17  judgment, was operating under a conflict of interest because counsel failed to ensure at sentencing
18  that petitioner would serve his federal and state sentences concurrently. Additionally, counsel's
19  argument in the motion about primary custody was legally flawed. Finally, counsel lulled
20  petitioner into doing nothing by telling petitioner that he would resolve the sentencing issues.
21  This motion was pending from January 8 to May 28, 2014.

22  Second, petitioner argues that with the time spent on the motion for nunc pro tunc
23  modification in United States v. Conners, his state motion to withdraw the guilty plea, filed on
24  March 3, 2015, would have been timely under Nev. Rev. Stat. § 34.726. The federal one-year
25  period thus would have been tolled under § 2244(d)(2) until the conclusion of the state-court
26  proceedings.

27  Third, the federal habeas corpus petition, effectively filed on July 8, 2015, and before the
28  conclusion of the state post-conviction habeas corpus proceedings on October 16, 2015, would

8

have been timely because less than one year had passed between May 28, 2014, and March 3, 2015.

The overarching flaw with petitioner's argument is its reliance upon a stop-clock approach to equitable tolling. The Ninth Circuit has made clear that a stop-clock approach is incompatible with the diligence required of a petitioner for the court to grant equitable tolling. Smith, 953 F.3d at 598-99. If an extraordinary circumstance prevents a person from timely filing a federal habeas corpus petition, then the person must be diligent in pursuing his rights once the extraordinary circumstance dissipates. Id. In this case, petitioner could not assume that he had one year from May 28, 2014, to file his federal habeas corpus petition. He still had until January 8, 2015, more than seven months, to file his petition on time. He has not explained how, with diligence, he was unable to meet that deadline.

Next, petitioner has not actually demonstrated that any extraordinary circumstances actually prevented him from litigating a federal habeas corpus petition. To the contrary, he has demonstrated that he was able to litigate. He litigated, through counsel, the motion for nunc pro tunc modification of the judgment in United States v. Conners. He litigated, pro se, the motion to withdraw his plea in state court. If he could litigate what this court construed to be a § 2255 motion, and if he could litigate what the state courts construed to be a post-conviction habeas corpus petition, then without a doubt he could litigate a § 2254 petition in this court.

Petitioner's argument how his state petition could have been timely filed also is fatally flawed. It would require this court to rule, as a matter of state law, that his state petition was timely. However, the state district court and the Nevada Court of Appeals already have ruled that his state petition was untimely under Nev. Rev. Stat. § 34.726(1) and that he had not shown good cause to excuse the time bar. A statutory tolling provision does not exist for § 34.726(1), and the Nevada Supreme Court has rejected equitable tolling for § 34.726(1) as incompatible with the good-cause requirement to excuse its operation. See Brown v. McDaniel, 331 P.3d 867, 874 (Nev. 2014). The state courts are the final word on matters of state law. If the state courts rule that a petition is untimely, then that is the end of the matter for the purpose of tolling under § 2244(d)(2). Pace, 544 U.S. at 414.

9

For these reasons, the court finds that equitable tolling not warranted. The court will dismiss the action as untimely.

The court finds that reasonable jurists would not find debatable the conclusion that the action is untimely and that equitable tolling is not warranted. Nobody can dispute that petitioner did not demonstrate an extraordinary circumstance that prevented him from litigating, because at the times in question he was litigating, just not in this action. The court thus will not issue a certificate of appealability.

### F. The court will not address respondents' procedural-default argument

Respondents argue that ground 1 is procedurally defaulted because the state courts determined that his motion to withdraw the guilty plea, construed as a post-conviction habeas corpus petition, was untimely. The court will not address this argument because the court is dismissing this action as untimely.

## IV. Conclusion

IT THEREFORE IS ORDERED that respondents' motion to dismiss (ECF No. 65) is **GRANTED**. This action is **DISMISSED** with prejudice because it is untimely.

IT FURTHER IS ORDERED that a certificate of appealability will not issue.

IT FURTHER IS ORDERED that the clerk of the court enter judgment accordingly and close this action.

DATED: March 29, 2021.

_____
ROBERT C. JONES
United States District Judge